**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CAROL ANN DELEON, | ) | NO. ED CV 09-1841-E |
| | ) | |
|           Plaintiff, | ) | |
| | ) | |
|   v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER | ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| | ) | |
|           Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on October 8, 2009, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on November 20, 2009.

Plaintiff filed a motion for summary judgment on March 15, 2010.[1] Defendant filed a cross-motion for summary judgment on April 12, 2010. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed October 13, 2009.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability since August 1, 2005, based primarily on alleged pain (Administrative Record ("A.R.") 9-371). Dr. Yukuen Chung, one of Plaintiff's treating physicians, opined that Plaintiff's "joint tenderness & swelling consistent with rheumatoid arthritis" has reduced Plaintiff's capacity to the point that she cannot perform even sedentary work (A.R. 369-71).[2]

The Administrative Law Judge ("ALJ") denied benefits (A.R. 9-17). The ALJ found Plaintiff suffers from the severe impairments of systemic lupus erythematosus and arthritis, but retains the residual functional capacity for a limited range of light work (A.R. 11-17). The ALJ stated that the contrary opinion of Dr. Chung "is not afforded any significant weight as this opinion conflicts with the substantial evidence of record, documenting less severe limitations" (A.R. 13). The Appeals Council denied review (A.R. 1-3).

---

[1] Plaintiff's Motion for Summary Judgment grossly exceeds the ten-page limit imposed by the Court in the "Order," filed October 13, 2009. Counsel for Plaintiff shall heed the Court's orders in the future.

[2] Plaintiff's Motion confuses Dr. Chung with Dr. Amy Chang, and erroneously attributes the subject opinion to Dr. Chang rather than to Dr. Chung (Plaintiff's Motion at 7).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

**DISCUSSION**

A treating physician's conclusions "must be given substantial weight."  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . .  This is especially true when the opinion is that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating physician opinions).  Even where the treating physician's opinions are contradicted,[3] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific,

---

[3] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

3

legitimate reasons for doing so that are based on substantial evidence in the record." <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); <u>see</u> <u>Rodriquez v. Bowen</u>, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).

Section 404.1512(e) of 20 C.F.R. provides that the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all of the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." <u>See</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them.  He could also have continued the hearing to augment the record") (citations omitted); <u>see also</u> <u>Brown v. Heckler</u>, 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered").

In the present case, the ALJ erred by rejecting Dr. Chung's opinion without stating specific, legitimate reasons for doing so, and without attempting to recontact Dr. Chung.  The ALJ's purported explanation that Dr. Chung's opinion assertedly "conflicts with the

substantial evidence of record, documenting less severe limitations" and "did not adequately consider the entire record, including the statements of collateral sources and the objective findings of other treating physicians" is insufficiently specific. See, e.g., McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice); Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988) ("To say that the medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . .").[4]

Similarly, the only other reasons stated by the ALJ cannot, without further inquiry, support the rejection of Dr. Chung's opinion. The ALJ stated that Dr. Chung's opinion "appears on a fill-in-the-blank form, with only marginal notes . . . Dr. Chung failed to cite any medical testing results or objective observations to support his conclusions as to the claimant's residual functional capacity." The ALJ should not have rejected Dr. Chung's opinion as inadequately supported without first attempting to recontact Dr. Chung to inquire into the bases for the opinion. See, e.g., Smolen v. Chater, 80 F.3d at 1288; Brown v. Heckler, 713 F.2d at 443; 20 C.F.R. 404.1512(e).

---

[4] Defendant's Motion proffers certain record details which the ALJ did not specify as a basis for rejecting Dr. Chung's opinion. Defendant's newly-proffered details cannot alter the result herein, because this Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001).

1    When a court reverses an administrative determination, "the
2 proper course, except in rare circumstances, is to remand to the
3 agency for additional investigation or explanation." INS v. Ventura,
4 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is
5 proper where, as here, additional administrative proceedings could
6 remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d
7 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d
8 1496, 1497 (9th Cir. 1984).

10    The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172
11 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not
12 compel a reversal rather than a remand of the present case. In
13 Harman, the Ninth Circuit stated that improperly rejected medical
14 opinion evidence should be credited and an immediate award of benefits
15 directed where "(1) the ALJ has failed to provide legally sufficient
16 reasons for rejecting such evidence, (2) there are no outstanding
17 issues that must be resolved before a determination of disability can
18 be made, and (3) it is clear from the record that the ALJ would be
19 required to find the claimant disabled were such evidence credited."
20 Harman at 1178 (citations and quotations omitted). Assuming,
21 arguendo, the Harman holding survives the Supreme Court's decision in
22 INS v. Ventura, 537 U.S. 12, 16 (2002),[5] the Harman holding does not
23 direct reversal of the present case. Here, the Administration must
24 recontact the treating physician concerning "outstanding issues that
25 must be resolved before a determination of disability can be made."

---

27    [5] The Ninth Circuit has continued to apply Harman despite
28 INS v. Ventura. See Vasquez v. Astrue, 572 F.3d 586, 597 (9th Cir. 2009); Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

6

1  Further, it is not clear from the record that the ALJ would be
2  required to find Plaintiff disabled for the entire claimed period of
3  disability were the opinion of the treating physician credited.

**CONCLUSION**

For all of the foregoing reasons,[6] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  April 14, 2010.


_____/S/_____
                    CHARLES F. EICK
              UNITED STATES MAGISTRATE JUDGE

---

[6] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the payment of benefits would not be appropriate at this time.

7